UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANILO PENNACCHIA,<br><br>                Petitioner,<br><br>   v.<br><br>DENA MICHELLE HAYES,<br><br>                Respondent. | Case No. 1:16-CV-00173-EJL<br><br>**ORDER** |

## INTRODUCTION

Before the Court in the above-entitled matter is the Respondent's Motion for Appointment of Guardian ad Litem. (Dkt. 14.) Petitioner opposes the request and the matter is ripe for the Court's consideration. (Dkt. 18, 19.) Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion will be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

The Petitioner, Danilo Pennacchia, and Respondent, Dena Michelle Hayes, are unwed and the parents of the five year old child ("SAPH" or "the Child") who is the subject of this case. SAPH was born in Seattle, Washington on August 24, 2010 and is a citizen of Italy.

ORDER- 1

Petitioner alleges the Respondent has wrongfully retained SAPH in the United States since August of 2015 and is currently in the State of Idaho. Petitioner has submitted a Declaration in support of his position. (Dkt. 3-3, Dec. Pennacchia.) Petitioner claims he has custody rights stemming from a May 30, 2014 decision of the Common Court of Rome in Italy. (Dkt. 3-3, Ex. C-4 to Dec. Pennacchia.). Petitioner had agreed the Respondent could take SAPH to the United States in July of 2015 but that Respondent was to return the Child to Italy in August of 2015. The Respondent has not returned SAPH to Italy. Petitioner claims SAPH has been wrongfully retained in the United States. At the time of the Child's alleged wrongful retention, Petitioner maintains he was exercising his custody rights as SAPH's father in the Child's habitual residence in Italy. (Dkt. 3-3, Dec. Pennacchia.)

In November of 2015, Petitioner requested SAPH's return through a Hague Convention Application filed with the Central Authority in Italy which was forwarded to the United States Central Authority. (Dkt. 3-4, Ex. D.) On December 15, 2015, the United States Central Authority sent a voluntary return letter to the Respondent. (Dkt. 3-5, Ex. E.) The Respondent's attorney from Italy responded to the voluntary return letter. (Dkt. 3-6, Ex. F.) Thereafter, on February 24, 2016, an attorney in Boise, Idaho representing the Petitioner sent a written letter to the Respondent advising that Petitioner would proceed under the Hague Convention unless Respondent provided assurance that SAPH would be voluntarily returned to Italy. (Dkt. 3-7, Ex. G.) The Respondent replied to that letter by email on March 3, 2016. (Dkt. 3-8, Ex. H.)

On April 26, 2016, Petitioner initiated this action by filing a Verified Petition for

**ORDER- 2**

return of child and for provisional relief pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.* (Dkt. 1, 3.)[1] Respondent has filed an Answer denying and opposing the allegations in the Petition and raised several affirmative defenses including: jurisdictional and procedural defenses; that the Petitioner consented/acquiesced to the Child's removal to and retention in the United States; returning the Child would expose her to a grave risk of harm and/or an intolerable situation; the Child is of a sufficient age and maturity that her opinion should be considered by the Court; and the Child's habitual residence is in the United States. (Dkt. 13.) The Court has set a briefing schedule on the Verified Petition and scheduled an evidentiary hearing on the matter for Wednesday, June 29, 2016. (Dkt. 12.) The Respondent then filed the instant Motion seeking to appoint a Guardian ad Litem which the Court now takes up. (Dkt. 14.)

## DISCUSSION

Respondent's Motion seeks appointment of a Guardian ad Litem ("GAL") in order "to meet with [the Child] and conduct appropriate assessments, evaluation, and investigation of [the Child]" and review the record in order to assist the Court's determination as to: 1) the Child's habitual residence; 2) the Child's ability and maturity to express her wishes regarding

---

[1] The Petitioner also sought a Temporary Restraining Order (TRO) which the Court denied. (Dkt. 1, 3, 5.) The Court took under advisement the Petitioner's request for a preliminary injunction. (Dkt. 5.) Thereafter, the parties agreed to consolidate that request with a hearing on the merits of the Verified Petition and stipulated to provisional remedies which resolved the request for a preliminary injunction. (Dkt. 7, 10, 11.)

**ORDER- 3**

her preferred country of residence; 3) whether returning the Child to Italy would constitute grave risk of psychological harm or otherwise place the Child in an intolerable situation; and 4) assist in carrying out any order requiring the Child's return to Italy. (Dkt. 14.) Petitioner opposes the Motion arguing such an appointment is unhelpful and would unnecessarily complicate resolution of the Petition. (Dkt. 18.) Respondent maintains a GAL is appropriate in this case. (Dkt. 19.)

"District courts have sometimes allowed children to participate [in Hague Convention proceedings] through guardians ad litem when their interests were not adequately represented by either party." *Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014) (citing *Danaipour v. McLarey*, 286 F.3d 1, 8 (1st Cir. 2002); *Lieberman v. Tabachnik*, 2007 WL 4548570, *2 (D. Colo. Dec. 19, 2007)). "Granting the children representation in appropriate situations is consistent with the Supreme Court's view that 'courts can achieve the ends of the [Hague] Convention and ICARA—and protect the well-being of the affected children—through the familiar judicial tools....'" *Id.* (quoting *Chafin v. Chafin*, 133 S.Ct. 1017, 1026–27 (2013)). Similarly, Federal Rule of Civil Procedure 17(c)(2) provides that a court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

The Court has the authority to appoint a GAL. In this case, however, there is no indication that the Child's interests under the Hague Convention are not being represented by the parties. Nor does the Court find a GAL would be useful or necessary in order for it to makes the determinations presented in this Hague Convention case.

At its core, the Verified Petition asks this Court to determine which nation should hear the underlying custody claim between the parties. *See Mozes v. Mozes*, 239 F.3d 1067, 1070 (9th Cir. 2001) (citing Elisa Perez-Vera, Explanatory Report ¶¶ 13, 16, in 3 Hague Conference on Private International Law, Acts and Documents of the Fourteenth Session, Child Abduction 426 (1982)). The Petitioner bears the burden of proving by a preponderance of the evidence that the Child in question has been wrongfully removed from or retained outside the nation of her habitual residence. *See* 22 U.S.C. § 9003(e)(1)(A); Hague Convention, arts. 3 and 4. The Respondent has raised several affirmative defenses including that the Petitioner consented/acquiesced to the removal and retention of the child to and in the United States, granting the petition would expose the child to grave risk of psychological harm and/or place the child in an intolerable situation, the child is of sufficient age and maturity that her opinion should be considered, and that the child's habitual residence is in the United States. (Dkt. 13 at ¶¶ A-L.) Having reviewed the entire record presented in this case thus far, the Court finds that, at this stage, these determinations can be made based on the arguments and evidence supplied by the parties without the need for the services of a GAL.

Although the parties' disagree as to the outcome of this case, their respective positions

**ORDER- 5**

evidence that the Child's fundamental interests are well represented by the parents in this case. The parties are both represented by counsel, have presented thoughtful and well articulated arguments, and point to countering evidence upon which they each rely in arguing their positions. Furthermore, this Court is empowered only to determine the rights under the Hague Convention in this case, not the merits of the underlying custody dispute between the parties. *See Mozes*, 239 F.3d at 1070; 22 U.S.C. § 9001(b)(4).

The Hague Convention is a multilateral international treaty on parental kidnaping to which the United States and Italy are signatories. The goal of the Convention is to "protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence." *See* Hague Convention, Oct. 25, 1980, preamble. The Hague Convention applies where a child has been removed or retained away from his or her habitual residence in breach of the custody rights that the petitioner was exercising at the time of the wrongful removal or wrongful retention. *See* 22 U.S.C. § 9003(e); Hague Convention, art. 3.

The objects of the Hague Convention are: (1) "to secure the prompt return of children wrongfully removed to or retained in any Contracting State," and (2) "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States." Hague Convention, art. 1; *see also* 22 U.S.C. § 9001(a). In determining whether the removal or retention of a child is "wrongful" under the Hague Convention, the Court must answer a series of four questions: (1) when did the removal or retention at issue take place (2) immediately prior to the removal or retention, in which state

**ORDER- 6**

was the child habitually resident (3) did the removal or retention breach the rights of custody attributed to the petitioner under the law of the habitual residence (4) was the petitioner exercising those rights at the time of the removal or retention. *Mozes*, 239 F.3d at 1070.

If Petitioner establishes that the removal or retention was "wrongful," the Child must be returned unless the Respondent can establish one or more of four defenses: 1) the ICARA proceedings were not commenced within one year of the Child's abduction; 2) the Petitioner was not actually exercising custody rights at the time of the removal or retention; 3) there is a grave risk that return would expose the Child to "physical or psychological harm" or otherwise place the Child in an "intolerable situation"; or 4) return of the Child "would not be permitted by the fundamental principles ... relating to the protection of human rights and fundamental freedoms." *Blondin v. Dubois*, 189 F.3d 240, 245 (2nd Cir. 1999); Hague Convention, arts. 12, 13 and 20. The first two defenses can be established by a preponderance of the evidence; the last two must be established by clear and convincing evidence. *Blondin*, 189 F.3d at 245–46; 22 U.S.C. § 9003(e)(2).

These determinations to be made by the Court in this case do not require the use of a GAL. As stated above, the Child's interests are well represented by the parties. Each of the parents will be able to offer their arguments and any evidence upon which they rely for the Court's consideration in making the above determinations. If necessary, the Court will inquire of the Child directly to ascertain any information required for it to make the relevant determinations in this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Appoint Guardian ad Litem (Dkt. 14) is **DENIED**.

DATED: **June 8, 2016**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER- 8**